Gary R. Selvin, State Bar No. 112030
Elizabeth A. Doyle, State Bar No. 194536
SELVIN WRAITH LLP
6250 Claremont Ave., Suite 200
Oakland, CA 94618
Telephone:   (510) 874-1811
Facsimile:    (510) 465-8976
E-mail:  gselvin@selvinwraith.com
         edoyle@selvinwraith.com

Attorneys for Plaintiff
U.S. SPECIALTY INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, a Texas corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>AIR TIME MECHANICAL, INC.,<br><br>            Defendants. | CASE NO.:<br><br>**U.S. SPECIALTY INSURANCE COMPANY'S COMPLAINT FOR RESCISSION** |

Plaintiff U.S. SPECIALTY INSURANCE COMPANY brings this action against Defendant AIR TIME MECHANICAL, INC., and states:

**I.     PARTIES**

1.     Plaintiff U.S. SPECIALTY INSURANCE COMPANY ("Plaintiff" or "USSIC"), is a Texas-domiciled corporation, with its principal place of business in Houston, Texas, organized under the laws of the State of Texas authorized to do business within the State of California as a surplus lines insurance company.

2.     Defendant AIR TIME MECHANICAL, INC. ("Defendant" or "Air Time"), is and at all times relevant to this action was a California Corporation with its principal place of business in the County of Contra Costa, California.

///

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the amount in controversy, exclusive of interest and costs, exceeds $75,000, the parties are citizens of different states, and an actual justiciable controversy exists between Plaintiff and Air Time within the meaning of 28 U.S.C. § 2201 regarding the parties' rights, duties and obligations related to insurance coverage provided under general liability insurance policies issued to Air Time by Plaintiff. The acts and omissions complained of in this action took place, in whole or in part, in the State of California.

4. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this claim occurred in the Counties of Alameda and Contra Costa, which are situated in this district.

## III. DIVISIONAL ASSIGNMENT

5. Pursuant to Civil L.R. 3-2(c), this lawsuit is appropriate for assignment to the San Francisco or Oakland Division of the above-entitled court because a substantial part of the events or omissions giving rise to this claim occurred in the County of Alameda and the County of Contra Costa.

## IV. NATURE OF THE ACTION

6. USSIC seeks a judicial declaration rescinding the commercial general liability insurance policies issued by USSIC to Defendant, and that USSIC is thus not required to defend or indemnify Air Time against the claims alleged in the underlying *Bayview* construction defect litigation, described further below. USSIC agreed to issue the policy based upon Air Time's express representations on its application for liability insurance that Air Time was not engaged in and would not engage in roofing or roofing-related work. However, Air Time's answer in this regard on the policy application was false because Air Time did, in fact, engage in roofing-related work during the pendency of the policies.

## V. FACTUAL ALLEGATIONS

**A.   The Application**

7. Air Time is a sheet metal and HVAC contractor who applied for an artisan policy from USSIC on August 15, 2016.

8. The Application, signed by Air Time's owner and principal, Mr. Robert Elmore, on August 15, 2016, contained the following relevant question and answer:

<u>11) Has or will applicant's operations involve roofing or any roofing related work such as flashings, roof tear-off, and chimney construction or repair?</u>

<u>No.</u>

**B.   The Policies**

9. In reliance on Mr. Elmore's answers made on behalf of his business, Air Time, USSIC issued policy no. U16AC93793-00 to Air Time, in effect from August 28, 2016 to August 28, 2017.

10. USSIC would not have issued the policy if Air Time's answer to question 11 was "Yes."

11. The USSIC Policy renewed annually, through August 28, 2024, under the following renewal policy numbers and effective dates:

    a) U17AC93793-01 - August 28, 2017 to August 28, 2018
    b) U18AC93793-02 - August 28, 2018 to August 28, 2019
    c) U19AC93793-03 - August 28, 2019 to August 28, 2020
    d) U20AC93793-04 - August 28, 2020 to August 28, 2021
    e) U21AC93793-05 - August 28, 2021 to August 28, 2022
    f) U22AC93793-06 - August 28, 2022 to August 28, 2023
    g) U23AC93793-07 - August 28, 2023 to August 28, 2024

12. Air Time did not provide any supplemental information regarding its operations to USSIC prior to any of the foregoing policy renewals.

**C.   The Grey Project and Work Performed by Air Time**

13. On May 30, 2017, property owners Ellen and Holly Grey ("Owners") entered into the prime contract with general contractor Bayview Builders, Inc. ("Bayview") for the construction of a new residential home located at 7039 Broadway Terrace in Oakland, California ("the Grey residence").

14. Construction on the Grey residence began in June of 2017 and the Notice of Completion was issued in August of 2019.

15. Bayview subcontracted with Air Time to install heating, ductwork and HVAC work at the Grey residence. The work was performed pursuant to a proposal, dated May 3, 2018, which

included the following line item:

> Supply and install all sheet metal cap metal and all downspouts, roof metal and door pans skylight flashing and all other vents and sheet metal flashing shown on drawings.
>
> TOTAL $6,100.00

16. Air Time started work at the *Grey* project in or about February of 2018 and completed its work by January 2019.

17. Air Time's scope of work at the *Grey* project included roof metal work and installation of skylight flashing, downspouts, and parapet cap flashing.

**D.     The *Bayview* Litigation**

18. In January 2019, Bayview and Green Valley Structural (the framing subcontractor) initiated litigation when Green Valley Structural recorded a Mechanic's Lien on the project and Bayview filed a petition to compel arbitration against Green Valley Structural for breach of contract. (*Bayview v. Green Valley Structural*, Contra Costa Superior Court Case No. N19-0232, hereafter "the *Bayview* Litigation").

19. On or about March 8, 2021, the Owners filed a "Complaint in Intervention" in the *Bayview* Litigation alleging claims for construction defects, breach of contract, indemnity and declaratory relief.

20. On December 27, 2021, Bayview filed a Cross-Complaint "in intervention" in the Owners' Complaint in intervention against Bayview's subcontractors, including Air Time for: (i) Breach of Contract; (ii) Negligent Construction; (iii) Breach of Express Warranty; (iv) Breach of Implied Warranty; (v) Express indemnity; (vi) Equitable Indemnity; (vii) Declaratory Relief ("*Bayview* Cross-Complaint").

21. Air Time was not served with the *Bayview* Cross-Complaint until October 22, 2024, after which it tendered its defense to USSIC.

22. USSIC accepted Air Time's defense against the *Bayview* Cross-Complaint and has been defending Air Time through retained defense counsel in the ongoing *Bayview* Litigation, subject to a reservation of rights, including USSIC's right to deny coverage based on Air Time's answer to Question 11 on its policy application concerning roofing-related work.

23. Bayview contends that Air Time's work caused roof leaks at the Grey residence, allegedly from the skylight flashing, roof parapet cap flashing, leaking tar and water, resulting in damage to the interior of the Grey residence.

24. Bayview has demanded that Air Time pay $239,000 as indemnification for the Owners' claims arising from Air Time's work.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment - Rescission of the Policies)

25. USSIC re-alleges and incorporates herein by reference paragraphs 1 through 24 of the preceding allegations, as though fully set forth in this cause of action.

26. Air Time submitted its signed Application for general liability insurance to USSIC.

27. The questions asked by USSIC in the Application were important and material to USSIC in determining whether Air Time was a risk that USSIC was willing to undertake for the policy periods at issue and what premium would be charged for the coverage provided.

28. In particular, Question 11 of the Application asked whether Air Time's operations "has" or "will involve roofing or any roofing related work," to which Air Time responded "No."

29. USSIC relied upon the truthfulness, completeness and accuracy of Air Time's representations in the Application for the Policy, unaware of the falsity of this representation, agreed to and did issue each of the policies to Air Time.

30. However, contrary to the "No" statement to Question 11 in the Application, Air Time did perform roofing-related work, including flashings in or about February 2018, during the first renewal policy period.

31. As such, Air Time's answer "No" to Question 11 in insurance application was false at the time Air Time submitted the application.

32. Air Time's misrepresentation in the Application was material to USSIC's decision to issue the Policy to Air Time.

33. If USSIC had known that Air Time's responses to these specific questions concealed factual misrepresentations about Air Time's business practices regarding the magnitude of risk and scope of work Air Time was performing, USSIC would not have issued the Policies and/or would not

have issued them on the terms and conditions contained therein and/or would not have issued the Policy for the amount of insurance premium charged.

34. USSIC hereby notifies Air Time of USSIC's intent to rescind the Policies. This pleading shall be deemed to constitute USSIC's offer to repay Air Time a sum equal to the premiums received by USSIC for the Policies, as this will return the parties to a position *status quo ante*.

35. USSIC seeks a judicial declaration that the USSIC policies identified herein be rescinded based upon Air Time's material misrepresentations in Air Time's insurance application submitted for the Policy and for the parties to be returned to a position *status quo ante* through reimbursement to Air Time for premium under each rescinded Policy.

36. USSIC seeks an order rescinding the Policies because USSIC has no other adequate remedy at law. USSIC will suffer substantial harm and injury under the Policy if it is not rescinded because USSIC will expend substantial sums in the defense of Air Time for risks materially different from the risks bargained for, and all in an amount which exceeds the jurisdictional minimum.

37. USSIC seeks a further judicial declaration, to return the parties to the *status quo ante*, that USSIC is not obligated to defend or indemnify Air Time against the claims alleged in the *Bayview* Litigation.

WHEREFORE, USSIC prays for judgment as set forth hereafter.

**PRAYER FOR RELIEF**

USSIC prays for judgment as follows:

1. For a judicial declaration that the following policies issued by USSIC are rescinded and the parties are to be returned to their *status quo ante*:

- U17AC93793-01 - August 28, 2017 to August 28, 2018
- U18AC93793-02 - August 28, 2018 to August 28, 2019
- U19AC93793-03 - August 28, 2019 to August 28, 2020
- U20AC93793-04 - August 28, 2020 to August 28, 2021
- U21AC93793-05 - August 28, 2021 to August 28, 2022
- U22AC93793-06 - August 28, 2022 to August 28, 2023
- U23AC93793-07 - August 28, 2023 to August 28, 2024

2. For a judicial declaration that USSIC has no duty to defend or indemnify Air Time in

the *Bayview* Litigation;

    3.    For costs of suit incurred herein against Air Time; and

    4.    For such other and further relief as the Court deems just and proper.

Dated: July 9, 2025                        SELVIN WRAITH LLP

By: /s/ Gary R. Selvin
     Gary R. Selvin
     Elizabeth A. Doyle
     Attorneys for Plaintiff
     U.S. SPECIALTY INSURANCE COMPANY

479091